IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FORD STEEL, LLC | § | CASE NO. 20-34405 |
|   Debtor | § | (Chapter 11 |
| | § | JUDGE RODRIGUEZ |

**Emergency Motion to Maintain Existing Bank Accounts
And Honor Certain Pre-Petition Outstanding Checks
Made Payable to the United States Treasury, Internal Revenue Service
And the Debtor's Employees**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Emergency relief has been requested, if the Court considers the Motion on an emergency basis, then you will have less than 21 days to answer, if you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.

Please note that on March 24, 2020, through the entry of General Order 2020-10, the Court invoked the protocol for emergency public health or safety conditions.

It is anticipated that all persons will appear telephonically and also may appear via video at this hearing. Audio communication will be by use of the Court's regular dia-in number. The dial-in number is 1-712-775-8972. You will be responsible for your own long-distance charges. You will be asked to key in the conference room number. Judge Rodriguez's conference room number is 999276.

Parties may participate in electronic hearing by use of a internet connection. The internet site is www.gotomeeting.com. Persons connecting by mobile device will need to download the free gotomeeting application. Once

Page **1** of **9**

**connected to gotomeeting, a participant must enter the code for joining the hearing. The code for the hearing is judgerodriguez.**

**Represented parties should act through their attorney.**

*****************************************************************************

**TO THE HONORABLE EDUARDO RODRIGUEZ, UNITED STATES BANKRUPTCY JUDGE:**

Ford Steel, LLC., Debtor-in-Possession herein files this Emergency Motion to Maintain Existing Bank Accounts and Honor Certain Pre-petition Outstanding Checks Made Payable to the United States Department of Treasury, Internal Revenue Service pursuant to 11 U.S.C. §§ 345(a) and the U.S. Trustee Guidelines, and in support thereof would show this Court as follows:

### Relief Requested

1. The Debtor seeks entry of interim and final orders authorizing the Debtor to maintain their existing debtor-in-possession bank accounts and to honor certain pre-petition outstanding checks. The pre-petition checks are primarily those issued to the Internal Revenue Service (the "IRS") under the Debtor's prior confirmed Chapter 11 Plan. During the COVID-19 Pandemic, the IRS has been operating on a very limited basis and although the Debtor delivered the checks to the IRS, they have not been negotiated to date.

2. In addition, the Debtor requests that the Court schedule a final hearing within approximately 21 days of the commencement of this case, or as soon thereafter as is convenient for the Court, to consider approval of this motion on a final basis.

**Jurisdiction and Venue**

3. Jurisdiction over this matter is pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O). The Debtor confirms its consent under Federal Bankruptcy Rule 7008 to the entry of a final order.

4. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

5. The basis for the relief requested herein are 11 U.S.C. §§ 105, 345, and 363 and Federal Bankruptcy Rules 6003 and 6004 and Local rule 9013-1.

6. The Debtor is in the business of fabricating platforms, skids, ladders, communication/broadcast towers, and custom steel fabrication for oil, petrochemical, broadcast industries and other customers worldwide. The Debtor is AISC certified steel fabricator using state-of-the-art CNC machinery and holds ISO 2001:2015, API 4F and API Q1 licenses as well. Many of the Debtor's customers are required to use API and ISO certified fabricators.

7. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to 11 U.S.C. §§1107(a) and 1108. No trustee has been appointed and no official committee of unsecured creditors has been appointed.

**The Debtor-in-Possession Accounts and Pre-Petition Checks**

8. On August 21, 2017, the Debtor filed a previous Chapter 11 proceeding under Case No. 17-35028. That case was jointly administered with H.C. Jeffries Tower Company, Inc. under Case No. 17-35027 (the "Prior Case"). Its fourth amended plan was confirmed on May 29, 2019, and the order confirming the fourth amended plan was amended on June 27, 2019. The IRS appealed both the confirmation and the amended confirmation orders

       in the United States District Court for the Southern District of Texas, Houston Division, in Civil Action No. 4:19-cv-2122 (the "Appeal").

9. In the Prior Case the Debtor opened debtor-in-possession accounts with Regions Bank, now Veritex Bank (the "DIP Accounts").

10. The DIP Accounts are:

    a. Operating account number xxx4307;

    b. Payroll account number xxx4315;

    c. Sales tax account number xxx4331; and,

    d. Savings account number xxx6996.

11. The IRS filed a motion for stay pending appeal in the Appeal which was ultimately denied on February 18, 2020.

12. On February 21, 2020, the Debtor made payments retroactive to October 15, 2019, and continued making monthly plan payments through July, 2020.

13. In the Prior Case the IRS filed an amended proof of claim in the amount of $4,706,025.32, of which $4,297,205.09 was secured.

14. In the Prior Case under the confirmed plan, the Debtor made the following payments to the IRS:

    a. Check No. 2958 in the amount of $258,197.90[1];

    b. Check No. 2985 in the amount of $70,496.08;

    c. Check No. 3055 in the amount of $51,639.58;

    d. Check No. 3111 in the amount of $12,909.90;

    e. Check No. 3150 in the amount of $12,909.90;

    f. Check No. 3199 in the amount of $71,079.80; and,

---

[1] This check included payments from October, 2019 through February, 2020.

  g. Check No. 3258 in the amount of $51,639.58.

15. Due to the COVID-19 Pandemic, only Check No. 2958 has been negotiated. All of the remaining checks in the amount of $200,178.76 remain outstanding. The Debtor has retained these funds in anticipation of the negotiation of these checks.

### Compliance with the U.S. Trustee Guidelines and the Bankruptcy Code

16. Section 345(a) of the Bankruptcy Code governs a debtor's cash deposits during a chapter 11 case and authorizes deposit or investment of estate funds, such as cash, as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a). To comply with section 345 of the Bankruptcy Code, the Office of the United States Trustee for the Southern District of Texas's (the "U.S. Trustee") *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees* (the "U.S. Trustee Guidelines") generally require chapter 11 debtors to, among other things, deposit all estate funds into an account with an authorized depository that agrees to comply with certain requirements set by the U.S. Trustee.

17. Likewise, The U.S. Trustee Guidelines require debtors in possession to, among other things: (a) close all existing bank accounts and open new debtor in possession bank accounts; (b) establish one debtor in possession account for all estate monies required for payment of taxes, including payroll taxes; (c) physically set aside all monies required by law to be withheld from employees or collected from others for taxes; (d) open a new set of books and records as of the commencement date of the case; (e) use new business forms indicating the debtor in possession status of the chapter 11 debtor, including checks that bear the designation "debtor in possession" and reference the bankruptcy case

number and type of account on such checks; and (f) make all disbursements of estate funds by check with a notation representing the reason for the disbursement. *See Region 7 Guidelines for Debtors-in-Possession*. These requirements are intended to provide a clear line of demarcation between prepetition and postpetition transactions and operations and to prevent inadvertent payment of prepetition claims.

18. The Debtor maintains all of its bank accounts with an authorized depository under the U.S. Truste Guidelines. In addition, these are already styled debtor-in-possession accounts with reporting requirements to the U.S. Trustee's office. Therefore, it is already in compliance with the Guidelines. Accordingly, the Debtor resepcetfully requests that it be allowed to continue utilizing the existing DIP Accounts.

19. Parties in interest will not be harmed by the Debtor's continued use of the DIP Accounts.

**Honoring Outstanding Checks Made Payable to the United States Treasury and Paychecks**

20. As set forth in paragraph 15, supra, the IRS is in possession of, but has not yet negotiated, pre-petiton checks in the amount of $200,178.76 (the "Outstanding Checks").

21. The Debtor made those payments under the confirmed plan in its Prior Case in good faith. Only the extraordinary circumstances of the COVID-19 Pandemic prevented the IRS from negotiating those checks pre-petition. As the secured portion of the IRS's claim against the Debtor exceeds the amount of the Outstanding Checks and the IRS has a lien on the Debtor's collateral, including cash, the Debtor would respectfully request authorization to honor those checks post-petition.

22. In addition, there are a few employees who did not negotiate their paychecks pre-petition. The Debtor would respectfully request authorization to honor those checks post-petition as well.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

23. The Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) in order to make a smooth transition into this new proceeding.

**WHEREFORE**, Ford Steel, LLC, Debtor-in-Possession herein, respectfully requests that this Court enter interim and final orders granting the relief requested, and for such other and further relief, at law and in equity, as this Court deems just.

Respectfully submitted this 8th day of September, 2020.

                                              **Cooper & Scully, PC.**

                                              By: /s/  Julie M. Koenig
                                                    Julie M. Koenig
                                                    SBA # 14217300
                                                    815 Walker, Suite 1040
                                                    Houston, Texas 77002
                                                    713/236-6800 (Telephone)
                                                    713/236-6880 (Telecopier)
                                                    Julie.Koenig@cooperscully.com

                                              Attorneys for the Debtor

**Certificate of Service**

  I hereby certify that a true and correct copy of the foregoing has been served on all of the parties listed below and on the attached service list, including parties requesting notice, via either ECF Notification, emai, or by certificateofservice.com, on the 8th day of September, 2020.

              By:  /s/   Julie M. Koenig
                 Julie M. Koenig

**For the Internal Revenue Service:**

Richard Kinchelo Richard.Kincheloe@usdoj.gov ;

**For Equitable Life & Casualty Insurance Company:**

Bruce Ruzinsky bruzinsky@jw.com;
Matt Cavenaugh mcavenaugh@jw.com

**For The Bank & Trust of Bryan/College Station:**

Cheyenne Pate Cheyenne.Pate@westwebblaw.com;

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0541-4<br>Case 20-34405<br>Southern District of Texas<br>Houston<br>Tue Sep  8 10:21:45 CDT 2020 | Equitable Life & Casualty Insurance Company<br>Jackson Walker LLP<br>c/o Bruce J. Ruzinsky<br>1401 McKinney Street, Suite 1900<br>Houston, TX 77010-1900 | Ford Steel, LLC<br>24800 Ford Road<br>Porter, TX 77365-5450 |
| Harris County<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Tara L. Grundemeier<br>P.O. Box 3064<br>Houston, TX 77253-3064 | Montgomery County<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Tara L. Grundemeier<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 4<br>United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208-1010 |
| AFLAC<br>1932 WYNNTON ROAD<br>COLOMBUS, GA 31999-0001 | ATTORNEY GENERAL<br>TAX DIV. - BANKRUPTCY<br>POB 12548<br>AUSTIN, TX 78711-2548 | AZZ Inc<br>One Museum Place<br>3100 West 7th Street<br>Suite 500<br>Fort Worth, TX 76107-8701 |
| American Express<br>P.O. Box 650448<br>Dallas, TX 75265-0448 | Ameritas Life Insurance Corp<br>PO Box 650730<br>Dallas, TX  75265-0730 | Attorney General<br>Department of Justice<br>10th and Constitution Ave N.W.<br>Rm. 400<br>Washington, D.C. 20530, 20530-0001 |
| Bozeman Engineering, Inc.<br>5868 Westheimer, #309<br>Houston, TX 77057-5641 | Carboline Company<br>2150 Schuetz Road<br>St. Louis, MO 63146-3504 | Chamberlain Hrdlicka<br>1200 Smith Street Suite 1400<br>Houston, TX 77002-4496 |
| Cheyenne Pate<br>1515 Emerald Plaza<br>College Station, TX 77845-1515 | Crown Industrial LLC.<br>P.O. Box 471<br>Willow Grove, PA 19090-0471 | D&L QUALITY PAINTING INC<br>12212 GREEN RIVER DR<br>HOUSTON, TX 77044-2213 |
| Equitable Life and Casualty Insurance Co<br>3 Triad Center<br>Salt Lake City, UT 84180-1211 | Esskay Structures, Inc.<br>2950 Short Court<br>Vienna, VA 22181-5906 | Fort Worth Tower LLC<br>P.O. Box 848366<br>Dallas, TX 75284-8366 |
| HARRIS COUNTY/CITY OF HOUSTON<br>C/O BANKRUPTCY DEPT<br>PO BOX 3064<br>HOUSTON, TX  77253-3064 | HJ Tower Management Inc.<br>24900 Ford Road<br>Porter, TX 77365-5452 | Harris County<br>c/o John Dillman<br>PO Box3064<br>Houston, TX  77253-3064 |
| Hebert Jeffries<br>23605 White Oak Forest<br>Porter, TX 77365-5127 | Hodell-Natco Industries, Inc.<br>P.O. Box 72594<br>Cleveland, OH  44192-0002 | IRS<br>8701 S. GESSNER<br>HOUSTON, TX 77074-2915 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | IWS Gas & Supply of Texas, LTD.<br>125 Thruway Park<br>Broussard, LA 70518-3601 | Internal Revenue Service<br>12941 North Freeway, Ste. 316 Stop HNW<br>Houston, TX 77060-1241 |

Internal Revenue Service
Insolvency Department
PO Box 7346
Philadelphia, PA 19101-7346

Intertek Asset Integrity Management, Inc
P.O. Box 419435
Boston, MA 02241-9435

JPW Engineering Services PVT. LTD.
115 N. Sutter St.
Stockton, CA 95202-2401

Konecranes Inc.
P.O. Box 641807
Pittsburgh, PA 15264-1807

LINEBARGER, GOGGAN & BLAIR
PO BOX 3064
HOUSTON, TX  77253-3064

Landsberg
P.O. Box 731575
Dallas, TX 75373-1575

Lichtgitter USA
12818 N Lake Houston Pkwy
Houston TX 77044-6397

MONTGOMERY COUNTY
TAX COLLECTOR
400 N SAN JACINTO
CONROE, TX  77301-2823

Marco
701 East Boulevard
Deer Park, TX 77536-1915

McNichols
2502 N. Rocky Point Drive #750
Tampa, FL 33607-1453

Meadow Lark Agency Inc.
PO Box 150029
Ogden, UT 84415-0029

Memorial Herman Health Plan
LOCKBOX 301662
DALLAS, TX  75303-1662

Metal Plate Galvanizing
10625 Needham St.
Houston, TX 77013-3209

Metelmex Int, INC.
3006 April Ln.
Houston, TX 77092-7216

National Commercial Products
P.O. Box 426
Southampton, PA 18966-0426

Northern Safety Company, Inc.
P.O. Box 4250
Utica, NY 13504-4250

Prystash Insurance Agency
2207 Danbury P.O. Box 17926
San Antonio, TX 78217-0926

R L Land Services
3401 Timmons Lane #31
Houston, TX 77027-6431

S&B Modular Operations, Ltd.
3959 Oscar Nelson Jr. Dr.
Baytown, TX 77523-8022

SECURITIES AND EXCHANGE
COMMISSION
450 FIFTH STREET NW
WASHINGTON, DC 20549-0006

Sagebrush Towers Inc.
24900 Ford Road
Porter, TX 77365-5452

Service Steel Warehouse, L.P.
P.O. Box 843965
Dallas, TX 75284-3965

Small Business Administration
409 3rd St, SW
Washington DC 20416-0002

Standard Premium
13590 SW 134th Ave, Suite 214
Miami, FL 33186-4576

Steel and Pipe Supply Co.
P.O.BOX 731266
Dallas, TX 75373-1266

Steve Bales
909 Crystal Creek Dr.
Austin, TX 78746-4709

TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
111 E. 17TH STREET
AUSTIN, TX 78774-0100
Attn:  Bankruptcy Dept,

Texas Workforce Commission
PO Box 149037
Austin, Texas  78714-9037

The Bank & Trust of Bryan/College Statio
1716 Briarcrest, Suite 400
Bryan, TX 77802-2766

The Bank & Trust of Bryan/College Statio
PO Box 5847
Bryan, TX 77805-5847

| | | |
|---|---|---|
| Triple-S Steel Supply Co.<br>P.O. Box 21119<br>Houston, TX 77226-1119 | Tupa Ventures,Inc<br>26212 Whispering Pines St.<br>Magnolia, TX 77355 | UNITED STATES TRUSTEE<br>515 Rusk Avenue, Ste. 3516<br>Houston, Texas 77002-2604 |
| US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 | United Tool and Fastener, Inc.<br>P.O. Box 38951<br>Houston, TX 77238-8951 | Valmont United Galvanizing<br>6123 Cunningham Road<br>Houston, TX 77041-4707 |
| Xerox Capital Services, LLC<br>P.O. Box 7405<br>Pasadena, CA 91109-7405 | Julie Mitchell Koenig<br>Cooper & Scully, PC<br>815 Walker, Suite 1040<br>Houston, TX 77002-5776 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| IRS<br>PO BOX 149047<br>AUSTIN, TX  78714 | (d)Internal Revenue Service<br>1919 Smith St.<br>Stop 5024 HOU<br>Houston, TX 77002 | (d)Internal Revenue Service<br>STOP 6692 AUSC<br>Austin, TX 73301-0030 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (u)United States of America | End of Label Matrix<br>Mailable recipients    67<br>Bypassed recipients     1<br>Total                  68 |